UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

GENE DESHAWN M. WATKINS,     Plaintiff,

v.     Civil Action No. 3:16-cv-8-DJH

CORRECTIONS,     Defendant.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Gene Deshawn M. Watkins filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*.

Plaintiff filed the complaint on the Court's general complaint form. On the same date Plaintiff filed the instant action, he filed a separate action on the Court's prisoner 42 U.S.C. § 1983 complaint form. *See* Civil Action No. 3:16CV-9-DJH. Upon review of the complaint in that action, the Court concluded that both actions named the same Defendant and alleged the same facts and therefore should be joined. By Memorandum and Order entered February 16, 2016, this Court ordered that the two actions be consolidated, that the instant case shall be the LEAD case, and that Civil Action No. 3:16CV-9-DJH shall be administratively closed. For ease of reference, the **Clerk of Court is DIRECTED** to docket the complaint filed in Civil Action No. 3:16CV-9-DJH as an amended complaint in the instant action.

In addition, subsequent to filing the complaint, Plaintiff filed a motion in which he states in the caption, "I like to explain" (DN 5). The Court construes this filing as a motion for leave to file a second amended complaint and **GRANTS** the motion. *See* Fed. R. Civ. P. 15(a).

This matter is before the Court on initial review of the complaint and amendments pursuant to 28 U.S.C. § 1915(e). For the reasons stated below, the Court will allow Plaintiff to

amend his complaint with respect to his allegations of denied medical treatment and will dismiss the other claims.

## I.

Plaintiff was an inmate at the Louisville Metro Department of Corrections (LMDC) at the time pertinent to the complaint. Plaintiff names "Corrections" as the only Defendant, which the Court construes as LMDC. As the grounds for filing this action in federal court, Plaintiff states: "My 8th Amendment rights was violated my civil liberties was violated and I witnessed discrimination. I got staph infection and wasnt seen by Doctors and I was on the mental floor glad I took antibiotics before interring county jail." As his statement of the claim, Plaintiff reports that he entered LMDC on February 7, 2015. He further states as follows:

> I say 20 days in captivity I caught staph infection wasnt seen by doctors and I was on the mental health floor so I got bell pausy and I thought it was a stroke I begged and pleaded for medical doctor to see me but no doctor seen me for about 5 to 6 days. I had to bring bishop Lyons to see the county jail warden for me to see a doctor evidence to show I was treated was the steroids I took and bishop Dennis Lyons if it wasnt for him I never would have been seen the county jail pose to take care of me while I am in county jail and they didnt that a violation of my 8th amendment rights also my civil liberties was violated.

Attached to the general complaint form is a two-page document wherein Plaintiff reiterates the allegations above. He also states, "I seen discrimination and my 8th adment rights was violated so while I was in captivity I was makin women have orgasms w/o touchin in solitaire. The female CO's was feelin my telepathic ability and the female inmates was feelin my telepathic ability." He maintains that he is a "telepathic slave" and would "like to be paid[.]" He states that "how my gift works is the place have to be bugged by the feds that how I transmitt . . . ." He also maintains that "federal agents have camera's that see threw walls in county jail those cameras see threw walls and clothes thats studin atnatomy that is illegal for feds to do its retaliation . . . ." He also states that the "the feds got my gift to turn ppl invisible and solid

2

objects invisible like needles I was gettn injected w/ bleach household chemicals cuz one day in captivity I tasted bleach water in solitaire . . . ." Plaintiff further states, "I seen discrimination cuz my mat I slept on wasnt blue it was brownish pink holy and no cushion so I was layin on them hard metal beds the county jail pose to take care of me while I am in their custody thats my 8th admentment right . . . ."

In the second amended complaint, Plaintiff reiterates the above allegations. He states that his gift "to do telepity is real it transmit threw federal bugs and county jail is bugged by the feds tarc's is bugged by the feds also every apt or house I been in is bugged by the feds that's how I transmit." With regard to his medical treatment claim, he states, "I had to call public defender to get my mom to send Bishop Lyons for me to see a county jail doctor it to 5 to 6 days of askin the CO's to see a doctor and they wouldn't let me see a doctor . . . I thought I was going to die and the CO's wouldn't get me a doctor the medical staff gave me steroids for my bellpausy . . . ."

## II.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore, v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. "Examples of the former class are claims against

which it is clear that the defendants are immune from suit . . . and claims of infringement of a legal interest which clearly does not exist[.]" *Id.* "Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id.* at 328; *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (indicating that an action has no arguable factual basis when the allegations are delusional or "rise to the level of the irrational or the wholly incredible"). The Court need not accept as true factual allegations that are "'fantastic or delusional'" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

4

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Claims related to medical treatment

Plaintiff claims that, while he was housed at LMDC, he contracted a staph infection, that he asked to see a doctor for 5 to 6 days but did not receive treatment, and that he thought he was having a stroke but was diagnosed with Bell's palsy as a result. The only Defendant Plaintiff

sues is "Corrections," which the Court has construed to be LMDC. However, LMDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983); *see also Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983). In this situation, Louisville Metro Government is the proper defendant. *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Further, Louisville Metro Government is a "person" for purposes of § 1983. *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658 (1978).

The Court therefore will construe the claims against LMDC as claims against Louisville Metro Government. When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violations.

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the

liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff alleges that he was denied treatment for a staph infection. However, nothing in the complaint indicates that he was denied treatment pursuant to a municipal policy or custom implemented or endorsed by Louisville Metro Government. Plaintiff's complaint appears to allege an isolated occurrence affecting only him. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). As such, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim against it.

Therefore, Plaintiff's claims against LMDC must be dismissed for failure to state a claim upon which relief may be granted.

However, upon review of the allegations, the Court finds that Plaintiff's claims of denied medical treatment may survive initial screening if he had sued the individuals who were allegedly responsible for denying him treatment. Therefore, **the Court will afford Plaintiff an opportunity to file an amended complaint to name any specific individual(s) who is/are responsible for the alleged denial of medical attention for a staph infection.** *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."). Plaintiff having failed to identify any policy or custom that was the moving force behind his alleged injuries, the Court finds that any official-capacity claims against any newly named Defendants would be futile; therefore, **Plaintiff must sue any newly named Defendants in their individual capacities.**

7

### B.   Discrimination

Plaintiff also alleges that he witnessed and/or was subjected to discrimination.  The Court will construe this claim as a claim under the Fourteenth Amendment's Equal Protection Clause, which provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 1.  The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike."  *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).  To state a violation of the Equal Protection Clause, a plaintiff must allege an invidious discriminatory purpose or intent.  *Washington v. Davis*, 426 U.S. 229 (1976); *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256 (1979).  A plaintiff also must allege that he was treated differently from other similarly situated individuals and that "[he] and other individuals who were treated differently were similarly situated *in all material respects*."  *Taylor Acquisitions, LLC v. City of Taylor*, 313 F. App'x 826, 636 (6th Cir. 2009) (emphasis in original).

Upon review of the complaint, the Court finds that the allegations of discrimination are broad and conclusory as they offer no factual allegations to support a claim.  Specifically, Plaintiff fails to allege his race or any other protected classification that purportedly motivated the allegedly discriminatory treatment.  Nor does he allege that any similarly situated inmate was afforded different treatment.  Therefore, Plaintiff's claims of discrimination will be dismissed for failure to state a claim upon which relief may be granted.

### C.  Other allegations

Plaintiff maintains that he has a "gift" that can give women orgasms telepathically and should be paid for it and that federal agents have bugged the jail and other places, can turn people and objects invisible, and have injected him with bleach.  Plaintiff has made similar

8

allegations in previous cases in this Court. As the Court has held previously in addressing these claims, Plaintiff's allegations contain no legal theories upon which a valid federal claim may rest and are delusional and fictitious. Therefore, dismissal on the basis of frivolousness is warranted. *See Abner v. SBC (Ameritech)*, 86 F. App'x 958, 958-59 (6th Cir. 2004).

Moreover, the Honorable Chief Judge Joseph H. McKinley, Jr., recently held in another case filed by Watkins, *Watkins v. FBI et al.*, Civil Action No. 3:15CV-580-JHM, as follows:

> The Court advises that in the complaint and amended complaint, Plaintiff makes allegations very similar to allegations made in other lawsuits filed in or removed to this Court and which this Court dismissed as frivolous and/or for lack of subject-matter jurisdiction due to the complaint describing "fantastic or delusional scenarios." *See, e.g., Watkins v. Fed. Bureau of Investigation*, No. 3:14CV-585-JGH (finding that complaint fit within the "essentially fictitious" pleadings standard where Plaintiff alleged, among other things, federal cameras which could see through clothes and walls were in his ceiling fan and F.B.I. agents made death threats against him and were having sex with little girls in a sex slave ring); *Watkins v. Fed. Bureau of Investigation*, No. 3:13CV-204-CRS (finding that complaint with similar allegations described "fantastic or delusional scenarios" and must be dismissed for failure to state a claim upon which relief may be granted and for lack of subject-matter jurisdiction). **Plaintiff is WARNED that his continued filing of complaints concerning these frivolous allegations may result in possible sanctions and filing restrictions.**

The Court reiterates the warning language herein with respect to any future filings by Plaintiff, including motions filed in this action. **Plaintiff is WARNED that his continued filing of complaints and motions concerning these frivolous allegations may result in possible sanctions and filing restrictions.**

### IV.

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claims against Defendant "Corrections" are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. In addition, **IT IS ORDERED** that Plaintiff's claims alleging

discrimination are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. **IT IS FURTHER ORDERED** that Plaintiff's claims concerning his telepathic abilities and actions by federal agents are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff may file an amended complaint with respect to his claims concerning his medical treatment.** Plaintiff shall name as Defendants the individuals whom he alleges are responsible for his injuries with respect to these claims and state specifically the factual allegations against them. The Clerk of Court is **DIRECTED** to place the case number and word "Amended" on a § 1983 complaint form and send it, along with three summons forms, to Plaintiff for his use should he wish to amend the complaint.

**Plaintiff is WARNED that should he not file an amended complaint within 30 days, the Court will enter an Order dismissing the action.**

Date: May 21, 2016

David J. Hale, Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
4415.010