UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

GENE DESHAWN M. WATKINS,                                                                                           Plaintiff,

v.                                      Civil Action No. 3:16-cv-8-DJH

CORRECTIONS *et al.*,                                                         Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Gene Deshawn M. Watkins filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. He named "Corrections" as the only Defendant, which the Court construed as the Louisville Metro Department of Corrections (LMDC). On May 23, 2016, the Court conducted initial screening of the complaint in accordance with 28 U.S.C. § 1915(e). The Court entered a Memorandum Opinion and Order (DN 7) dismissing several of Plaintiff's claims and allowing him to amend the complaint with respect to his claims that he was denied medical treatment. Plaintiff filed an amended complaint on May 31, 2016. Because Plaintiff previously filed an amended complaint (DN 6), the Clerk of Court is **DIRECTED** to re-docket the May 31, 2016, amended complaint as a "Second Amended Complaint."

In the complaint, Plaintiff alleged as follows:

> I say 20 days in captivity I caught staph infection wasnt seen by doctors and I was on the mental health floor so I got bell pausy and I thought it was a stroke I begged and pleaded for medical doctor to see me but no doctor seen me for about 5 to 6 days. I had to bring bishop Lyons to see the county jail warden for me to see a doctor evidence to show I was treated was the steroids I took and bishop Dennis Lyons if it wasnt for him I never would have been seen the county jail pose to take care of me while I am in county jail and they didnt that a violation of my 8th amendment rights also my civil liberties was violated.

In the initial screening Memorandum Opinion and Order (DN 7), which the Court incorporates herein by reference, the Court dismissed the § 1983 claims against LMDC for failure to state a claim upon which relief may be granted.

However, the Court found that Plaintiff's claims of denied medical treatment could survive initial screening if he had sued the individuals who were allegedly responsible for denying him treatment. Therefore, the Court afforded Plaintiff an opportunity to file an amended complaint to name any specific individual(s) who is/are responsible for the alleged denial of medical attention for a staph infection. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."). The Court stated, "Plaintiff having failed to identify any policy or custom that was the moving force behind his alleged injuries, the Court finds that any official-capacity claims against any newly named Defendants would be futile; therefore, Plaintiff must sue any newly named Defendants in their individual capacities." (Emphasis omitted.)

Plaintiff filed a second amended complaint (DN 8) naming two Defendants, CO Mayberry and CO Tuck, whom Plaintiff identifies as correctional officers. Plaintiff states that Mayberry and Tuck denied him treatment for a staph infection. On the amended complaint form, Plaintiff indicates that he is suing these Defendants in their official capacities. However, the Court already determined that the official-capacity claims do not survive initial screening and directed Plaintiff to sue any newly named Defendants in their individual capacities. Construing the *pro se* amended complaint broadly, as the Court is required to do at this stage, *Boag v. MacDougall*, 454 U.S. 364 (1982) (per curiam), the Court will construe the claims as being brought against Defendants Mayberry and Tuck in their individual capacities.

The Court construes Plaintiff's allegations of denied medical treatment as alleging claims of deliberate indifference to his serious medical needs in violation of the Eighth Amendment against Defendants Mayberry and Tuck.  Upon review, **the Court will allow Plaintiff's claims against Mayberry and Tuck to proceed past initial screening**.  The Court will enter a separate Order directing service on Defendants and setting scheduling deadlines.

In addition, Plaintiff filed a motion captioned as a "Motion for Cruel and Unusual Punishment" (DN 9).  Plaintiff states, "My civil liberties and cruel and unusual punishment the treatment of me in county jail was cruel and unusual punishment I didn't know if I could write a motion again ur honor cuz you said it was my last chance."  The Court construes Plaintiff's motion as seeking to allege a claim under the Eighth Amendment's Cruel and Unusual Punishments Clause.  The Court having already allowed claims for violation of the Eighth Amendment to proceed for further development,

**IT IS ORDERED** that the instant motion (DN 9) is **DENIED as moot**.

Date: July 8, 2016

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
     Defendants Mayberry and Tuck
     Jefferson County Attorney
4415.010